RAWLS, Judge.
Appellants, Trustees of the Internal Improvement Fund, defendants below, appeal a summary final decree entered by the circuit court determining that appellee Venetian Isles is entitled to the Trustees’ approval of its application for extension of time to dredge and fill certain bottom lands.
The facts are not controverted. Appel-lee, Venetian Isles Development Corporation planned a residential development of waterfront lots utilizing highlands it already owned on the east side of Tampa Bay and contemplating the purchase of adjoining submerged lands with the completed development being a series of “islands” connected by bridges. The Corporation hired an engineering firm; plans were drawn; and the following steps were taken:
July 25, 1958 — The Board of County Commissioners sitting as the Pinellas. County Water and Navigation Control Authority (hereafter called the Authority) approved and established the necessary bulkhead line, the same having been already approved (July, 15, 1958) by the City of St. Petersburg.
June 2, 1959 — The submerged lands were purchased from the Trustees of the Internal Improvement Fund for $34,412.50. *766 August 24, 1959 — Application for permit to dredge and fill was filed with the Authority which approved and issued same after approval of the Trustees.
October 13, 1960 — To accommodate some structural changes in the plans, the permit to dredge and fill was modified by the Authority and permit DF-96-A was issued. This modified permit, approved by the Trustees on November 1, 1960, allowed two years for completion of the project.
October 11, 1962 — The Authority by a 3 to 2 vote agreed to extend the permit completion time to December 1, 1963. Four of the eight islands were already completed on this date. A certified copy of the minutes granting this extension was forwarded to the Trustees, Corps of Engineers and Venetian Isles.
It is at this point that the action occurred which is the genesis of the dispute presented on this appeal. The Chairman of the Authority was opposed to granting the foregoing extension of time and on October 17, 1962 without prior approval of the Authority sent a telegram to the Trustees requesting delay in approval of the fill permit extension. In a subsequent letter to the Trustees the Chairman questioned the legality of the Authority’s proceedings in granting the extension and advised that an opinion from the Attorney General on detailed objections posed by him was being sought. The Attorney General by letter on December 27, 1962 advised the Authority in effect that the time extension for the fill permit had been legally granted. On January 1, 1963 a new commissioner replaced one of the former members of the Authority and on January 10, 1963 the new Authority purported to revoke the extension of time granted Venetian.
On February 28, 1963 Venetian instituted this suit against the Authority and the Trustees, alleging the foregoing facts and praying that the court determine the rights of the parties with respect to the extension of the permit. The Authority answered asserting that it has discretionary power to grant permits and therefore may rescind its permits; and alleged that the plaintiff failed to exhaust its administrative remedy in that it failed to file a new application for a permit. The Trustees likewise answered and prayed that the court make a judicial determination as to the validity of the administrative policy heretofore followed by it and a determination of whether § 253.-124 or Chapter 31182, Acts of 1955, governs the issuance of permits in the future.
While the case was pending in the lower court, Venetian’s attorney filed an affidavit supported by exhibits showing that the Authority over vigorous objections in its June 13, 1963 meeting revised the bulkhead line so that the majority of Venetian’s submerged land would be outside or seaward of the revised bulkhead line.
The Chancellor entered a summary final decree finding that the permit was issued under the authority of § 253.124, Florida Statutes, F.S.A., which permits extensions “subject to the formal approval of the Trustees”; that the Authority properly exercised its powers in extending plaintiff’s permit subject only to the formal approval of the Trustees and upon delivery of the extension to plaintiff, the Authority’s right to act ceased; that the jurisdiction of the Trustees is limited to “formal approval,” which means the determination of whether the formal proceedings legally required have been met and which does not authorize the Trustees to exercise independent judgment as to the wisdom or advisability of the permit or extension; that failure of the Trustees to approve the extension was due to the unauthorized action of the Authority and its Chairman; and that upon the formal approval of the Trustees, the extension shall be binding upon all parties, but the time allowed thereunder shall be increased by the length of time elapsing between the attempted rescission and the date of this decree. The defendants’ petition for a rehearing was denied and the Trustees appealed.
*767 We first observe that the Authority; did not see fit to appeal the Chancellor’s decree and that the Trustees have not on this appeal taken issue with any of the Chancellor’s conclusions as to the Authority’s actions. Therefore, we note at this point the Chancellor’s findings, viz.:
“5. When the written, signed and sealed extension agreement of October 16, 1962, was delivered to plaintiff the power of the Authority over such permit ceased and the Authority had no power thereafter to revoke the extension or rescind the action granting it.”
is conclusive upon the parties and renders any of the Authority’s actions subsequent to October 16, 1962, as being without legal effect.
It is the Chancellor’s conclusion that the Trustees have no authority to exercise any independent judgment with reference to the extension of time that comprises the subject matter of this appeal. The Trustees insist that they are vested with the administration of public lands and hold within their bosom the interest of every citizen of Florida in and to the bottom lands of this state and, therefore, the legislature intended to vest in them a discretion that may be exercised to override the action of a local body when dealing with bottom lands. The appellee takes the position that “formal” means what it says — “relating to matters of form”[1] — and that the legislature by inserting the word “formal” clearly limited the duties of the Trustees in granting their “approval” to that of examining the proceedings had on the local level for technical compliance with the statutory provisions as to notice to abutting property owners, properly engineered plans, and compliance with other requisites of the statute. We reach the conclusion that it is not necessary to accept either party’s contentions in toto in order to dispose of the overriding question here presented, the same being: Should the Trustees upon the record before us be required to approve the extension of time granted by the Authority? We answer this question in the affirmative.
The Trustees prior to the sale of the bottom lands involved herein on June 2, 1959 required appellee to furnish a complete engineering and land use proposal of the subject bottom lands and such proposals constituted a part of the consideration for the deed from Trustees to Venetian. In its answer in this suit the Trustees admit that they formally approved the subject fill permit at a meeting held on November 17, 1959. Thus at the outset the Trustees “approved” the contemplated fill involved in this litigation. So, we are here concerned only with action on the part of the Trustees as to the one year extension of time granted by the Authority. At no time between October 11, 1962, which is the date that the Authority extended appellee’s time for completion of its permit, and February 8, 1963, which is the date of filing the complaint in this cause, did the Trustees purport to take any action — formal or otherwise. They promptly received notification of the Authority’s action of October 11, 1962 approving the extension of time; they received the telegram of the Chairman of the Board on October 18,1962, and failed to act in this matter solely because of their receipt of said telegram. Nowhere in their answer did the Trustees affirmatively contend that the extension of time granted by the Authority has been unreasonably, capriciously, or otherwise detrimental or that they had any objection to approving the extension. As we view the cause at this stage, the Trustees’ sole complaint to this Court is that their authority has been challenged by the Chancellor and that to allow such a precedent to stand would cause the Trustees to “become no more than a rubber stamp agency, and hamstring them in carrying out the duties which the legislature has imposed.” We do not attribute such dire consequences to the actions of the Chancellor. Admittedly, the Chancellor may have indulged in philosophical jour *768 neys not necessary to his decision by defining the meaning of “formal approval.” However, irrespective of the road he took, his conclusion was correct in that appellees have been treated by the Trustees in these proceedings as a pawn in their attempt to to nail down a construction of the subject statute that meets their wishes. The Trustees have not acted in accordance with their own independent judgment and did not so act for a long period of time — yet they here assert that they are entitled to act and utilize their own independent judgment. Such a position cannot be sustained under the facts of this cause. We hold that under the facts and circumstances of this case the decree of the Chancellor directing the Trustees to approve Venetian’s extension of time for filling is sustained and that the running of the period of such extension shall commence upon the date of approval by the Trustees.
Affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. Black’s Law Dictionary.