CARROLL, DONALD K., Acting Chief Judge.
The defendants in an action for declaratory relief have appealed from an order entered by the Circuit Court for Leon County commanding them to give “formal approval” to the appellees’ application for a dredge and fill permit under the Florida Bulkhead Act.
The ultimate question presented for our determination in this appeal is whether the appellants, as the Trustees of the Internal Improvement Fund of the State of Florida, have, under the said law, a discretion in the granting of such approval, after the approval of such permit by the appropriate board of county commissioners.
*709 The plaintiffs filed a complaint in the said court against the defendants seeking a judicial determination of the plaintiffs’ right to have a dredge and fill permit issued to them by the defendants, following the approval of such permit by the Board of County Commissioners of Dade County, in which county the lands covered by the permit are located.
After the defendants filed their answer to this complaint, the plaintiffs filed a motion for a summary final decree.
Following a hearing on the plaintiffs’ said motion, the court granted it and entered a declaratory decree, holding that the plaintiffs were entitled to a declaratory decree and reserving jurisdiction for the purpose of permitting the plaintiffs to file a supplemental complaint seeking coercive relief if the rights declared in the decree were not respected.
Several weeks later the plaintiffs filed a supplemental complaint seeking coercive or mandatory relief against the defendants, alleging that the latter had refused to comply with the court’s said decree. The plaintiffs also filed a motion to strike the answer which the defendants had filed to the said supplemental complaint.
At a hearing upon the plaintiffs’ said motion to strike, the court entered the order appealed from herein, commanding the defendants to execute the duty declared and adjudged by the court in its said declaratory decree by giving formal approval to the said permit.
The main thrust of the contentions of the defendants-appellants in this appeal is that under the Florida Bulkhead Act (specifically, Section 253.124, Florida Statutes, F.S. A.), they have a discretion in the granting of “formal approval” of an application for a dredge and fill permit, even though such application has been approved by the appropriate board of county commissioners. The said Section 253.124 relates to applications for filling land, and provides, briefly and substantially, that any private person, firm, or corporation desiring to construct islands or add to or extend existing lands or islands located in the unincorporated area of any county bordering on or in navigable waters of the state, by pumping sand, rock, or earth from such waters or by another means, shall make application in writing to the board of county commissioners wherein such construction is designed for a permit authorizing such person, firm, or corporation to engage in such construction, which application must be accompanied by a plan or drawing showing the proposed construction and the area from which any fill material is to be dredged. The said section further provides that, in the event that such board finds that the said application is not violative of any statute, zoning law, ordinance or other restriction applicable thereto, or that no harmful obstruction to or alteration of the natural flow of the navigable water will arise from the proposed construction, or no harmful or increased erosion, or harm to adjoining lands, will accrue, “the same shall be granted to the applicant, subject to the formal approval of the trustees of the internal improvement fund.”
In the present consideration, of course, the key words to be construed are “formal approval” as they are used in the just-quoted clause in the statute.
The case at bar is, we think, controlled by our decision in Trustees of Internal Improvement Fund v. Venetian Isles Development Corp., Fla.App., 166 So.2d 765 (1964), the facts of which are fairly analogous to those in the present case.
In the Venetian Isles case, supra, an extension of a permit to dredge and fill had been granted to Venetian Isles by the Board of County Commissioners of Pinellas County (sitting as the Pinellas County Water and Navigation Control Authority) and Venetian Isles made an application to the Trustees of the Internal Improvement Fund to extend the “formal approval” set out in Section 253.124, Florida Statutes, F.S.A., but the Trustees refused to approve the time extension so sought by Venetian Isles, which *710 then filed an action for a declaratory decree against both of the public bodies. The chancellor entered a summary judgment for the plaintiff and, on appeal to this court, we affirmed the said judgment.
In our opinion in the Venetian Isles case, supra, we said the following:
“It is the Chancellor’s conclusion that the Trustees have no authority to exercise any independent judgment with reference to the extension of time that comprises the subject matter of this appeal. The Trustees insist that they are vested with the administration of public lands and hold within their bosom the interest of every citizen of Florida in and to the bottom lands of this state and, therefore, the legislature intended to vest in them a discretion that may be exercised to override the action of a local body when dealing with bottom lands. The appellee takes the position that ‘formal’ means what it says— ‘relating to matters of form’ — and that the legislature by inserting the word ‘formal’ ■clearly limited the duties of the Trustees in granting their ‘approval’ to that of examining the proceedings had on the local level for technical compliance with the ■statutory provisions as to notice to abutting property owners, properly engineered plans, and compliance with other requisites of the statute. We reach the conclusion that it is not necessary to accept either party’s intentions in toto in order to dispose of the overriding question here presented, the same being: Should the Trustees upon the record before us be required to approve the extension of time granted by the Authority? We answer this question in the affirmative.”
We see no reason to change our view as set forth in the above quotation concerning the meaning and legal effect of the words “formal approval” in the said Section 253.124. In the case at bar, as we said in the Venetian Isles opinion quoted above, we think that the Trustees, upon the record before us should be required to give “formal approval” to the appellants’ application for the said permit, which was approved by the Board of County Commissioners of Dade County.
In addition to their argument in this appeal based upon the above Venetian Isles decision, the appellees point out that they purchased the lands in question from the appellants, the Trustees, who also promised to give them free fill material, and the appel-lees quote from the Supreme Court of Florida’s decision in Zabel v. Pinellas County Water and Navigation Control Authority, 171 So.2d 376 (1965) the holding that “ * * * the conveyance from the Trustees of the Internal Improvement Fund carries with it the right to bulkhead and fill.”
For the foregoing reasons, the order appealed from herein should be and it is
Affirmed.
RAWLS and JOHNSON, JJ., concur.